

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. _10-CR - 10307_JLT |
| | ) |
| v. | ) Violations: |
| | ) |
| 1. STENNETT BERNARD, a/k/a "Glen"; | ) 18 U.S.C. § 371 - |
| | ) Conspiracy |
| 2. ROODY LESPINASSE; | ) |
| | ) 29 U.S.C. § 501(c) - |
| 3. ANDY ALERTE; and | ) Embezzlement and Theft of Labor Union |
| | ) Assets |
| 4. MANUEL NOGUEIRA, | ) |
| | ) 18 U.S.C. § 2 - |
| Defendants. | ) Aiding and Abetting |
| | ) |
| | ) **FILED UNDER SEAL** |
| | ) |

## INDICTMENT

**COUNT ONE:**      (Title 18, United States Code, Section 371 – Conspiracy)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but no later than on or about January 28, 2005, to a time unknown to the Grand Jury, but no earlier than on or about October 18, 2006, at Brockton and elsewhere in the District of Massachusetts,

1. **STENNETT BERNARD, a/k/a "Glen";**
2. **ROODY LESPINASSE,**
3. **ANDY ALERTE,**
4. **MANUEL NOGUEIRA,**

defendants herein, conspired with others known and unknown to the Grand Jury to commit an offense against the United States, to wit: while officers (that is, President, Treasurer, Financial Secretary, and Recording Secretary, respectively) of United Steelworkers Local 04-421, a labor organization engaged in an industry affecting commerce, to embezzle, steal and unlawfully and willfully abstract and convert to their own use (and the use of another) the moneys, funds, securities, property, and other assets of said labor organization, in violation of 29 U.S.C. § 501(c).

## Objectives of the Conspiracy

The purpose and objectives of the conspiracy were to enable BERNARD, LESPINASSE, ALERTE, and NOGUEIRA to unlawfully obtain more than $100,000 in union funds for themselves and for others.

## Manner and Means of the Conspiracy

The manner and means by which the conspirators accomplished the goals of the conspiracy included, among others, creating false and fictitious vouchers purporting to document work the conspirators performed on behalf of the labor organization that they had not in fact performed; creating false and fictitious vouchers purporting to document wages the conspirators had forfeited while performing work on behalf of the labor organization, which wages they had not in fact forfeited; and failing to disclose payments to members of the union.

## Overt Acts

In furtherance of their conspiracy and to accomplish its objectives, on various dates between no later than on or about January 28, 2005 and no earlier than on or about October 18, 2006, one or more of the Defendants BERNARD, LESPINASSE, ALERTE, and NOGUEIRA, and others known and unknown to the Grand Jury:

> (A)    submitted, and caused to be submitted, false and fictitious vouchers purporting to document work the conspirators performed on behalf of the labor organization that they had not in fact performed;

> (B)    submitted, and caused to be submitted, false and fictitious vouchers purporting to document wages the conspirators had forfeited while performing work on behalf of the labor organization, which wages they had not in fact forfeited;

> (C)    signed tens of thousands of dollars worth of unauthorized checks from the accounts of United Steelworkers Local 04-421 to BERNARD, including but not limited to a check for $1,244.78 on or about July 21, 2006;

> (D)    signed thousands of dollars worth of unauthorized checks from the accounts

2

of United Steelworkers Local 04-421 to LESPINASSE, including but not limited to a check for $356.15 on or about March 31, 2006;

(E)     signed thousands of dollars worth of unauthorized checks from the accounts of United Steelworkers Local 04-421 to ALERTE, including but not limited to a check for $231.72 on or about July 10, 2006; and

(F)     signed tens of thousands of dollars worth of unauthorized checks from the accounts of United Steelworkers Local 04-421 to NOGUEIRA, including but not limited to a check for $584.34 on or about October 4, 2006

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO:**    **(Title 29, United States Code, Section 501(c) – Embezzlement and Theft of Labor Union Assets)**

The Grand Jury further charges that:

On or about July 24, 2006, in the District of Massachusetts,

## 1.    STENNETT BERNARD, a/k/a "Glen"

defendant herein, while an officer, that is, President, of United Steelworkers Local 04-421, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use (and the use of another) the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,600.

In violation of Title 21, United States Code, Section 501(c).

4

**COUNT THREE:**   (Title 29, United States Code, Section 501(c) – Embezzlement and Theft of Labor Union Assets; Title 18, United States Code, Section 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about April 3, 2006, in the District of Massachusetts,

> **1.     STENNETT BERNARD, a/k/a "Glen"; and**
> **2.     ROODY LESPINASSE,**

defendants herein, while officers (that is, President and Treasurer, respectively) of United Steelworkers Local 04-421, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to their own use (and the use of another) the moneys, funds, securities, property, and other assets of said labor organization, and did aid and abet the same, in the approximate amount of $356.15.

In violation of Title 21, United States Code, Section 501(c), and Title 18, United States Code, Section 2.

**COUNT FOUR:** **(Title 29, United States Code, Section 501(c) – Embezzlement and Theft of Labor Union Assets; Title 18, United States Code, Section 2 – Aiding and Abetting)**

The Grand Jury further charges that:

On or about July 25, 2006, in the District of Massachusetts,

1.   **STENNETT BERNARD, a/k/a "Glen"; and**
3.   **ANDY ALERTE,**

defendants herein, while officers (that is, President and Financial Secretary, respectively) of United Steelworkers Local 04-421, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to their own use (and the use of another) the moneys, funds, securities, property, and other assets of said labor organization, and did aid and abet the same, in the approximate amount of $320.

In violation of Title 21, United States Code, Section 501(c), and Title 18, United States Code, Section 2.

**COUNT FIVE:**       (Title 29, United States Code, Section 501(c) – Embezzlement and Theft of Labor Union Assets; Title 18, United States Code, Section 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about October 5, 2006, in the District of Massachusetts,

1.    **STENNETT BERNARD, a/k/a "Glen"; and**
4.    **MANUEL NOGUEIRA,**

defendants herein, while officers (that is, President and Recording Secretary, respectively) of United Steelworkers Local 04-421, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to their own use (and the use of another) the moneys, funds, securities, property, and other assets of said labor organization, and did aid and abet the same, in the approximate amount of $800.

In violation of Title 21, United States Code, Section 501(c), and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE ALLEGATION:
### (Title 18, United States Code, Section 981(a)(1)(C) and
### Title 28, United States Code, Section 2461(c))

The Grand Jury further charges that:

1.     Upon conviction of one or more of the offenses alleged in Counts One through Five

of this Indictment,

1.     **STENNETT BERNARD, a/k/a "Glen";**
2.     **ROODY LESPINASSE;**
3.     **ANDY ALERTE; and**
4.     **MANUEL NOGUEIRA,**

defendants herein, shall forfeit to the United States, jointly and severally, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.     If any of the property described in paragraph 1 above, as a result of any act or omission of the defendants,

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs a and e of this paragraph.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

8

A TRUE BILL

FOREPERSON OF THE GRAND JURY

TODD F. BRAUNSTEIN
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; September 29, 2010.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK   9/29/2010
@ 12:30pm

9